**Marianne E. KAUFFMANN, Petitioner/Respondent/Cross–Appellant,**

v.

**William A. KAUFFMANN, Respondent/Appellant/Cross–Respondent.**

**No. ED 77234.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 2001.

Edward C. Vancil, David G. Kullman, The Law Offices of Edward C. Vancil & Assoc., Inc., Creve Coeur, MO, for Appellant.

Lawrence G. Gillespie, Gillespie & Hetlage, L.L.C., Clayton, MO, for Respondent.

Before MOONEY, P.J. and SIMON and SULLIVAN, JJ.

***ORDER***

PER CURIAM.

William A. Kauffmann (Husband) and Marianne E. Kauffmann (Wife) separately appeal a judgment of the Circuit Court of Jefferson County dissolving their mar-

riage, and their appeals have been consolidated.

In his first point, Husband contends the trial court erred in its calculation of child support in four respects: (1) its failure to impute income to Wife was against the weight of the evidence and was an error of law; (2) it erroneously calculated Husband's income by disregarding Form 14 Comments for Use regarding whether overtime and bonus income should be included when calculating gross income and in what amount; (3) the judgment did not expressly refer to which Form 14 the trial court used and merely stated the amount of its Form 14 calculation without making a record as to how it was calculated; and (4) Husband did not receive a line 11 credit on Form 14 for his periods of visitation even though Husband has a right to a credit based on the Parenting Plan. In his second point, Husband maintains the trial court erred in its distribution of marital property because certain assets were double counted, the values of certain marital assets were not calculated as of the date of trial and Wife's value was assigned to the marital home instead of Husband's. His third point argues the trial court erred by including a prohibition against all alcohol consumption during temporary custody and visitation periods because no evidence of any alcohol abuse was presented. In his final point, Husband claims the award of attorney fees to Wife was an abuse of the trial court's discretion.

In Wife's sole point on appeal, she maintains the trial court misapplied the law in granting Husband a tax exemption for one of the parties' children without finding that the presumed correct child support amount pursuant to Form 14 is unjust and inappropriate, because such a grant to a parent not receiving support is a deviation from the Form 14 guidelines and must be accompanied by such a finding.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the award pursuant to Rule 84.16(b).